**In re TESTMASTERS TRADEMARK LITIGATION**

**Robin Singh Educational Services, Inc. V. Excel Test Prep, N.D. California, C.A. No. 3:03-5039**

**Jarrod Beck, et al. v. Test Masters Educational Services, Inc., D. District of Columbia, C.A. No. 1:04-1391**

**No. 1646.**

Judicial Panel on Multidistrict Litigation.

Dec. 15, 2004.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, Jr., KATHRYN H. VRATIL and DAVID R. HANSEN, Judges of the Panel.

### TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation presently consists of two actions as follows: one action each in the Northern District of California and the District of District of Columbia.[1] Before

---

\* Judge Motz took no part in the decision of this matter.

1. Two actions originally on the MDL–1646 motion have been resolved in the Southern District of Texas. Accordingly, the question of inclusion of these actions in Section 1407 pretrial proceedings is moot.

The Panel has been notified that one potentially related action has recently been filed in the Southern District of Texas. This action and any other related actions will be treated

the Panel is a motion, pursuant to 28 U.S.C. § 1407, by the District of Columbia defendant, Test Masters Educational Services, Inc. (TES), to centralize these actions for coordinated or consolidated pretrial proceedings in the Southern District of Texas. The Northern California defendant, Excel Test Prep, joins in the motion, while plaintiffs in both actions oppose it. If the Panel deems centralization appropriate, the California plaintiff suggests the Northern District of California as transferee district.

■ On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization in the Southern District of Texas will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. These actions share factual questions involving either alleged continuing trademark infringement or confusion caused by the use of the TESTMASTERS trademark by TES and others. Centralization under Section 1407 is desirable in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

■ The Panel is persuaded that the Southern District of Texas is an appropriate transferee district for this litigation. We note that i) litigation involving the TESTMASTERS trademark has been hotly contested in the Texas district for several years and an appeal from that litigation is currently before the Fifth Circuit Court of Appeals, and ii) the presiding judge in this Southern Texas related litigation is familiar with facts underlying the actions

as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36

now before the Panel and with some of the involved parties.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions pending outside the Southern District of Texas are transferred to the Southern District of Texas and, with the consent of that court, assigned to the Honorable Vanessa D. Gilmore for coordinated or consolidated pretrial proceedings.